# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| THOMAS LEROY YOUNG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV420-210 |
| ) | |
| WARDEN WHITE, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Thomas Leroy Young has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, alleging various defects in his state criminal case. Doc. 1. He has requested leave to proceed *in forma pauperis*. See doc. 2. Although that motion is not signed,[1] *see* doc. 2, and an attachment suggests that petitioner may have sufficient funds in his prisoner account to pay the filing fee, *see* doc. 2-1 at 1, payment of the filing fee is not a jurisdictional defect. *See White v. Lemma*, 947 F.3d 1373, 1378-79 (11th Cir. 2020). Given that his petition is procedurally defective, as discussed

---

[1] The Clerk notified petitioner of this deficiency and directed him to correct it. *See* doc. 4. His failure to comply with that directive might provide an alternative ground to dismiss his case. *See, e.g.,* Fed. R. Civ. P. 41(b) (authorizing dismissal for failure to obey a court order). Since the petition suffers from a fatal substantive defect, discussed below, his noncompliance with the Clerk's directive is moot.

below, his request to proceed *in forma pauperis* is **DISMISSED** as moot. Doc. 2.  Preliminary review under Rule 4 of the Rules Governing Section 2254 Cases shows that his petition must be dismissed.

Young's state collateral challenges to his conviction remain pending.  *See* doc. 1 at 5 (stating that the result of his state habeas petition is "none no judgment in 5 years"); 7 (asserting as his second ground for relief, "[d]enial of Habeas Solution," and stating that "Habeas has been pending 5 years").[2]  Before seeking § 2254 relief, however, petitioners must "fairly present" their claims to state courts to give them a "full and fair opportunity to resolve federal constitutional claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A) (habeas petitioners must "exhaust[ ] the remedies available in the courts of the State" before seeking federal relief); *see also Reedman v. Thomas*, 305 F. App'x 544, 546 (11th Cir. 2008) ("Generally, when a petitioner has

---

[2] Exhaustion is not required where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b).  The passage of even five years without response from the state court does not excuse the exhaustion requirement to invoke this Court's jurisdiction. *See, e.g., Hughes v. Stafford*, 780 F.2d 1580, 1581 (11th Cir. 1986) (despite eight-year delay in adjudication of state habeas petition, exhaustion requirement upheld where state court eventually adjudicated state habeas petition and petitioner had a "viable state procedure available").

failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."). Young, by his own admission, has yet to do that. He must *fully* exhaust his "right under the law of the State to raise, by *any* available procedure, the question presented." 28 U.S.C. § 2254(c) (emphasis added). That includes awaiting a response from the state court.

Because it "plainly appears from the petition . . . that the petitioner is not entitled to relief" at this time, the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases. Accordingly, this petition should be **DISMISSED without prejudice** for lack of exhaustion.[3] This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and

---

[3] A stay of this case is also not warranted, as petitioner has made no showing of "good cause" for his "failure to exhaust his claims first in the state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not

4

be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED,** this 31st day of August, 2021.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia